**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| STEPHANIE LUNDQUIST-ARORA, *et al*, <br><br>     *Plaintiff*, <br><br> v. <br><br> FAIRFAX COUNTY SCHOOL BOARD; and DR. MICHELLE C. REID, in her official capacity as Superintendent of Fairfax County Public Schools, <br><br>     *Defendants*. | Case No. ___ |

**DECLARATION OF STEPHANIE LUNDQUIST-ARORA**

I, Stephanie Lundquist-Arora, declare and state the following:

1.      I am over the age of eighteen and under no mental disability or impairment. I have personal knowledge of the following facts and, if called to testify as a witness, would competently testify to them.

2.      I live within the boundaries of the school district known as Fairfax County Public Schools and am the parent of three school-aged children.

3.      My three sons are enrolled in two different Fairfax County Public Schools. My oldest son finished his junior year and will be a senior next year in an FCPS high school. My middle son finished his freshman year and will be a sophomore next year in that same school. My youngest just finished seventh grade and will begin the eighth grade next year at an FCPS middle school.

4.      I am a practicing Christian and regularly attends church with my children. I have consistently raised my children in my Christian faith.

5.      I believe God made man and woman in his image and that complementary sexes reflect the image of God. I believe based on Scripture and Christian teachings that there are only two sex presentations, which are male and female. I believe that it is impossible to change our sex and that our sex was given to us by God for a reason. I do not believe gender is a coherent category separate from sex. These beliefs govern my views on human nature, marriage, gender, sexuality, morality, politics, ethics, natural law, and social issues.

6.      I believe that rejection of one's biological sex is a rejection of the image of God within that person. I believe that to acknowledge or endorse that sex is altered is to speak against God and my beliefs. I believe that referring to another person using pronouns that do not correspond with biological sex is harmful to that person because it is false.

7.      I acknowledge that gender dysphoria exists, but I believe that is historically a rare condition. I believe there is a difference between gender dysphoria and a child's confusion about their gender, which can lead a child to adopt a different name, pronouns, clothing, and so forth. I also believe that confusion about gender can be a part of adolescence and that it does not always persist beyond adolescence. I do not believe my children can be "gender-expansive" or "transgender."

8.      I know that my children, like all children, may at some point during adolescence be susceptible to the influence of gender ideology, and I want to be the one guiding them through that confusion.

9.      I believe that issues of gender are sensitive issues that should be left to families to discuss and resolve, not to schools. These views stem from my sincerely held religious beliefs.

10.     I believe I have a duty to raise my children in my religious tradition and teach them my religious beliefs.

11. I also strongly believe that parents have the right to direct the upbringing of their children.

12. I am opposed to FCPS's acceptance, encouragement, and facilitation of students self-selecting genders and pronouns. I believe that to acknowledge or endorse that sex can be altered is to speak against God and my sincerely held religious and philosophical beliefs. I do not support Defendants' adoption or enforcement of Regulation 2603, and I strongly object to any attempt to apply the regulation to me or my children.

13. Regulation 2603 is antithetical to the religious pillars and teachings of my Christian faith. Regulation 2603 endorses worldviews that directly conflict with my beliefs, including the alleged fluidity of sex and gender and a person's ability to self-select such identities.

14. I want to be informed if the school is assisting my children with a social transition. I want to receive this information without my child being the one to first tell me and before the school takes any action to facilitate a social transition. But Regulation 2603.3 requires schools to facilitate a transition regardless of whether I know or approve.

15. I also want to exercise my fundamental right as a parent to guide my sons' upbringing and to help them navigate any issues that might arise regarding their perceptions of their gender identity.

16. And I want to exercise my right to raise my children in accordance with my religious beliefs, including by educating them in those beliefs.

17. I do not want my children to be subject to the policies outlined in Regulation 2603.3. Specifically, I do not want my children to be called by names and pronouns that do not align with their biological sex, and I do not want them to use intimate spaces or participate in activities according to their supposed "gender identity." I do not want to participate in a "gender-

3

expansive and transgender" student "support team" for my children. I believe doing these things would be lying to my children and would go against my religious beliefs.

18.    Under Fairfax County Public School's gender transition policy as described in Regulation 2603.3, however, I know that when gender issues arise, my role will be displaced by FCPS administrators who do not know my children as well as I do.

19.    The policy requires school officials to immediately accept and validate a child's expression of gender identity—regardless of their age—without questioning how the child arrived at that conclusion. It requires them to allow children to go by "chosen names and pronouns"; (2) use opposite-gender restrooms and locker rooms; (3) bunk in rooms that align with their gender identity on overnight trips; (4) participate in intramural sports, clubs, activities, and classes based on their preferred gender.

20.    I object to Regulation 2603.3 because it permits and/or facilitates a student's gender transition at school without parental knowledge or consent. This policy prevents me from knowing whether my child is socially transitioning at school, which conflicts with my religious beliefs. It also interferes with my ability to direct the upbringing, care, and wellbeing of my child by denying me the opportunity to provide guidance, support, and informed consent regarding significant decisions affecting my child's development. If any of my children were to assert a "gender-expansive" or "transgender" identity at school, school staff would be required to accept that assertion and facilitate a social transition—including the use of new names and pronouns—without my knowledge or consent.

21.    Facilitating this conduct conflicts with my sincerely held religious beliefs, and it excludes me from decisions bearing on my children's mental health, sense of self, and emotional well-being.

22.    I am concerned that FCPS administrators will prioritize my sons' decisions about their "chosen name and pronouns" at school over my wishes.

23.    I am concerned that they will allow my sons to use facilities and participate in activities meant for girls.

24.    I am also concerned that FCPS administrators will facilitate my sons' social transitions without my knowledge. Because the only parental notice required by the regulation is through putting a parent on a student's "support team," I will have no way of knowing if FCPS is taking these actions unless a support team is convened. But because the regulation only requires schools to convene a "support team" if my child or I request one, I will have no way of learning these things if my child does not request a support team. Meanwhile, the regulation requires schools to take actions to facilitate transition even in the absence of a support plan.

25.    I want to opt out of Regulation 2603 for my children so that they are never subject to this policy.

26.    I want my children to be referred to by their given names and biological genders at school, to use the restrooms and other facilities that correspond with their biological sex, and to participate in activities and gendered classes in accordance with their biological sex.

27.    I expressed concern about Regulation 2603 with FCPS officials, but they refused to change the policy.

28.    This policy has caused me significant emotional distress because I fear that my children will be subjected to social transitioning against my fundamental values and religious beliefs, and without my knowledge.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 18 day of June, 2026

Stephanie Lundquist-Arora

6