**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| STEPHANIE LUNDQUIST-ARORA, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-01768-PTG-IDD |
| | ) | |
| FAIRFAX COUNTY SCHOOL BOARD, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs' Opposition asserts that the Court should deny Defendants' Motion to Dismiss as moot because the complaint was amended. (*See* ECF 27, Opp. to Mot. to Dismiss.) Plaintiffs do not and cannot assert that the Court *must* treat the pending Motion to Dismiss as moot. To the contrary, courts in such circumstances have the discretion to treat the motion as one directed to the amended complaint. And the Court should do so here: The only material change is the joinder of a second plaintiff. (*See* Ex. 1, redlined comparison of original and amended complaints.) Yet, that Plaintiff, Carrie Lukas, also does not have standing. Like the original Plaintiff, Stephanie Lundquist-Arora, Lukas also does not allege that she has a child who is transgender or who has received or is likely to receive accommodations based on gender identity. (*See* ECF 26, First Am. Compl., ¶¶ 93-97.) Her claims of injury are only a "policy disagreement" with Regulation 2603.3 that "should be addressed to elected policymakers at the ballot box, not to unelected judges in the courthouse." *John & Jane Parents 1 v. Montgomery Cnty. Bd. of Educ.*, 78 F.4th 622, 626 (4th Cir. 2023).

Plaintiffs' only argument for denial of the pending Motion to Dismiss as moot is efficiency. They claim that instead of addressing "arguments aimed at a moving target[,]" the Court should opt for "[t]he efficient course" and "deny the pending motion as moot and permit Defendants to direct any renewed motion at the operative amended complaint." (ECF 27, at 2.) That logic, however, also requires the Court to deny the pending Motion for Preliminary Injunction (ECF 3)—filed by only one of the now-two Plaintiffs (Lundquist-Arora)—as moot. Indeed, the Court cannot address that motion without addressing subject-matter jurisdiction, which Defendants' motion under Federal Rule of Civil Procedure 12(b)(1) raises but which the Court also has an independent obligation to examine.

The Court should, therefore, either deny both pending motions as moot or consider both motions as if they are addressed to the First Amended Complaint, and dismiss the case.

## ARGUMENT

### I. If Defendants' Motion to Dismiss Is Moot, Then So Too Is Lundquist-Arora's Preliminary Injunction Motion.

"As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (citation omitted), *abrogated on other grounds by Short v. Hartman*, 87 F.4th 593 (4th Cir. 2023); *see also Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017). Courts have therefore denied, as a matter of course, motions seeking relief related to a superseded complaint. *See, e.g.*, *Dykes v. Portfolio Recovery Assocs., LLC*, 306 F.R.D. 529, 530 (E.D. Va. 2015).

This rule applies equally to motions to dismiss *and* motions for preliminary relief. *See Garcia v. Mid-Atl. Mil. Fam. Cmtys. LLC*, No. 2:20CV308, 2021 WL 1429474, at *3 (E.D. Va. Mar. 4, 2021) (denying motion to dismiss and preliminary injunction motion as moot because both "s[ought] relief based on Plaintiff's initial Complaint"); *see also Sims v. Clarke*, No.

7:18CV00014, 2018 WL 4854092, at *2 (W.D. Va. Oct. 5, 2018) ("Once Sims submitted the amended complaint, the court properly held that the motion for preliminary injunction was unrelated to the underlying complaint."). Indeed, Lundquist-Arora herself previously acknowledged that amending her complaint could moot her pending motion for a preliminary injunction. (*See* ECF 22, Mot. to Stay Deadline to Amend, at 3.)[1]

What's more, because an amended complaint alters the "universe of facts" underlying a motion for preliminary injunction, it is *more* likely to moot a preliminary injunction motion than a motion to dismiss. *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 78 (2d Cir. 2024). Whereas motions to dismiss are legal in character and can often be evaluated against an amended complaint without additional briefing, preliminary injunction motions require showings that can be impacted by new facts—likelihood of success, irreparable harm, and balance of the equities. That is particularly so where the amended complaint expands the universe of facts to encompass a new plaintiff with her own claims of standing, as Plaintiffs do here. (*See* ECF 26, Am. Compl. ¶¶ 95-97; *see also* ECF 3 at 1, PI Mot. (seeking relief only as to Plaintiff Lundquist-Arora).)

And the general rule allows exceptions. As this Court has recognized, "Defendants are not required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending." *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 299 F. Supp. 2d 565, 570 (E.D. Va. 2004) (citing 6 Charles Alan Wright *et al., Federal Practice and Procedure* § 1476, at 558 (2d ed. 1990) ("Wright & Miller")). "If some of the defects raised in the original motion remain in the new pleading, the court will consider the motion as being

[1] She sought an extension of her deadline to amend as of right in order to avoid this risk. (ECF 22, at 3.) The Court, however, denied her motion. (ECF 25.)

addressed to the amended pleading." *Id.* In other words, the Court can exercise its discretion to consider whether the changes made by the amendment cure the deficiencies identified in the pending motion to dismiss. "To hold otherwise would be to exalt form over substance." Wright & Miller § 1476 (3d ed. 2026).

When appellate courts have examined preliminary injunctions despite intervening revisions to the pleadings, they have done so for similar reasons. In *State Farm*, for example, the Second Circuit reviewed a preliminary injunction based on a superseded version of the complaint when changes to the complaint "d[id] not meaningfully alter the substantive basis of the appeal." 120 F.4th at 78. And in *Auto Driveaway Franchise Systems, LLC v. Auto Driveaway Richmond, LLC*, the Seventh Circuit found a preliminary injunction was not mooted by an amended complaint because the amendment "had no effect on [the plaintiff's] basic grievance." 928 F.3d 670, 675 (7th Cir. 2019).

Whether related to a pending motion to dismiss or pending preliminary injunction motion, the key question is whether the amendment effects a material change. Plaintiffs make no attempt to address this question. Defendants submit that the First Amended Complaint is not materially different from the original Complaint except that it adds another parent-Plaintiff, Carrie Lukas. But Lukas also lacks standing to bring the claims alleged because, like Lundquist-Arora, she too does not have any children who are transgender, have a gender support plan, or are likely to request or receive such a plan or any other gender-identity-related accommodations. (*See* ECF 26, First Am. Compl. ¶¶ 93-97; *see* Ex. 1 ¶¶ 93-97.) She makes the exact same claims and seeks the same relief as Lundquist-Arora. (*Id.* ¶¶ 128-175, Prayer for Relief.) She, too, fails to allege any injury-

in-fact, and the arguments raised in Defendants' Brief on their motion to dismiss apply equally to her.[2] (*See* ECF 20.)

The Court, therefore, is not required to treat Defendants' pending Motion to Dismiss as moot, and may address it as directed to the First Amended Complaint. But if it concludes that the amendment is sufficiently different than the original such that Defendants' motion is now moot, then the Court must also treat Lundquist-Arora's pending motion for preliminary injunction as moot.

## II. Plaintiffs' Efficiency Arguments Apply Equally to the Pending Preliminary Injunction Motion.

Unable to argue that the Court *must* deny Defendants' motion as moot, Plaintiffs argue instead that the Court *should* deny the Motion to Dismiss as moot for the sake of efficiency. But that argument is equally apt to Lundquist-Arora's pending Motion for Preliminary Injunction. Considering the preliminary injunction motion at this point would also force the Court to decide "arguments aimed at a moving target." (*See* ECF 27 at 2.) And denying the motion for preliminary

[2] Lukas also objects to Regulation 2603.3 on the basis that it "permits students who were born male but identify as female to use those same restrooms and locker rooms, and to be assigned to overnight rooms with [her] daughter." (ECF 26 ¶ 96.) But Regulation 2603.3 expressly provides that students will not be required to share facilities or accommodations: "All schools shall provide students access to at least one single-user, gender-neutral restroom. Students may access these restrooms as needed during the school day without being required to provide a reason or obtain prior approval," and "[a]ny student who has a need or desire for increased privacy, regardless of the underlying reason including gender identity, shall be provided with a reasonable, nonstigmatizing alternative such as the use of a private area (e.g., a nearby restroom stall with a door, an area separated by a curtain, or a nearby health or single-use/unisex bathroom), or with a separate changing schedule…. " (ECF 20-5 § VII (A) & (C).)

Lukas not only fails to allege any actual or imminent injury based on her bodily-privacy objection to Regulation 2603.3, but she also does not allege any plausible claim for relief based on this objection. Neither *Mirabelli v. Bonta*, 607 U.S. 492 (2026) (per curiam), nor *Mahmoud v. Taylor*, 606 U.S. 522 (2025)—the authorities underlying Plaintiffs' theory of the case—recognizes a free-exercise or parental-rights claim arising from other students' use of shared facilities.

injunction as moot and allowing Plaintiffs "to direct any renewed motion at the operative amended complaint" would also be the more "efficient course." (*See id.*)

Examining both motions together would promote judicial efficiency. Both present overlapping issues of standing, ripeness, and the viability of Plaintiffs' merits claims. (*Compare* ECF 18, Opp. to PI Mot. *with* ECF 20, Mot. to Dismiss Br.; *see* ECF 24, Reply in Supp. of PI Mot. (devoting 18 pages to issues of standing, ripeness, and viability of claims).) Considering these motions together will save the Court and the parties alike wasted time and effort. *See, e.g.*, *Johnson v. Henrico Cnty. Bd. of Supervisors*, 751 F. Supp. 3d 627, 639 (E.D. Va. 2024) ("Because of the interconnectedness of the success-on-the-merits analysis and the Motion to Dismiss (and that of the parties' related briefing), the Court largely considers both together."). And if the Court agrees with Defendants' arguments, its ruling will render the motion for preliminary injunction moot. *See id.* ("[A]s the Court ultimately determines that Plaintiff has indeed failed to state any claim on which relief may be granted, the *Winter* analysis will stop there."); *United States v. Russell*, 797 F. Supp. 3d 552, 563 (D. Md. 2025) ("[T]he court will grant Defendants' motion to dismiss, which renders the Executive's motion for a preliminary injunction moot.").

If Plaintiffs' efficiency argument is to be accepted, then it requires that the Court also deny Lundquist-Arora's motion for preliminary injunction as moot.

## III. The Court Has an Independent Obligation to Affirm Its Subject Matter Jurisdiction.

Plaintiffs' mootness argument also overlooks that Defendants' motion to dismiss includes a challenge to subject-matter jurisdiction. "A federal court has an independent obligation to assess its subject-matter jurisdiction," which includes raising the issue *sua sponte*. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005); *see also* Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "The requirement that jurisdiction be established as a threshold matter

'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)); *see also Di Biase v. SPX Corp.*, 872 F.3d 224, 232 (4th Cir. 2017). Indeed, courts have a "special obligation" to affirm jurisdiction even when "the parties are prepared to concede it." *Steel Co.*, 523 U.S. at 95 (citation omitted).

Requests for preliminary relief are no exception. *See KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936) (requiring the district court to "inquire as to its jurisdiction before considering the merits of the prayer for preliminary injunction"). As the Fourth Circuit recently observed, "unless the plaintiff has sufficiently demonstrated Article III standing," "[a] district court may not grant a preliminary injunction—or any other form of relief." *Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Soc. Sec. Admin.*, 172 F.4th 361, 367 (4th Cir. 2026) (citing *Murthy v. Missouri*, 603 U.S. 43, 49–50 (2024)).[3]

Here, Defendants challenged subject-matter jurisdiction because Plaintiff Lundquist-Arora does not have an injury-in-fact and her claims are not ripe. The First Amended Complaint does not cure this defect. (*See generally* Ex. 1.) Delaying consideration of the motion to dismiss in

[3] For this reason, "when presented with a motion for a preliminary injunction and a competing motion to dismiss for lack of jurisdiction," district courts across the country have concluded that they "must address the jurisdictional issues first, and may reach the merits of the motion for preliminary injunction only once, and only if, jurisdiction is established." *Labat-Anderson, Inc. v. United States*, 346 F. Supp. 2d 145, 149 (D.D.C. 2004) (citing *Penn. Mun. Auths. Ass'n v. Horinko,* 292 F. Supp. 2d 95, 101 (D.D.C. 2003)); *see Air Prods. & Chems., Inc. v. Gen. Servs. Admin.*, 700 F. Supp. 3d 487, 495 (N.D. Tex. 2023) ("[T]his Court must consider jurisdictional issues raised by Defendants before considering Plaintiffs' Motion for Preliminary Injunction."); *Theia Techs. LLC v. Theia Grp., Inc*, No. CV 20-97, 2021 WL 291313, at *3 n.4 (E.D. Pa. Jan. 28, 2021) ("The Court addresses Group's jurisdictional challenge, as well as its arguments in its motion to dismiss, before considering the motions related to granting Technologies preliminary injunctive relief.").

favor of the preliminary injunction motion would put the cart before the horse, and violate the "inflexible" requirement that jurisdictional prerequisites, like those challenged in Defendants' motion to dismiss, "be established as a threshold matter." *Steel Co.,* 523 U.S. at 94–95.

## CONCLUSION

For these reasons, Defendants respectfully submit that the Court should either (1) deny both the pending preliminary injunction motion and motion to dismiss as moot or (2) consider both motions as directed to the First Amended Complaint and dismiss the case.

Respectfully submitted,

By: /s/ *Sona Rewari*

Sona Rewari (VSB No. 47327)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1974
Facsimile: (703) 918-4018
srewari@hunton.com

J. Pierce Lamberson (VSB No. 93616)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Telephone: (804) 787-8039
Facsimile: (804) 788-8218
plamberson@hunton.com

*Counsel for Defendants*
*Fairfax County School Board*
*and Dr. Michelle C. Reid*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2026, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for Plaintiff.

/s/ *Sona Rewari*
Sona Rewari